UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| BILLI JO WOODS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>MORRIS MOHAWK GAMING GROUP, ALWYN MORRIS, CALVIN AYRE, and HARP MEDIA BV,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Billi Jo Woods ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Morris Mohawk Gaming Group, Alwyn Morris, Calvin Ayre, and Harp Media BV, (collectively, "Bovada" or "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## INTRODUCTION

1. Defendants own and operate the popular online casino websites, www.bovada.com and www.bovada.lv. Bovada was launched in 2011. Defendants tout their websites as a "trusted source for gaming and betting," and state that those "looking to blow off some steam with a little slot or table game session will find what they're looking for in our massive Bovada betting casino that offers a Live Dealer experience plus hundreds of standard web-based games."[1]

---

[1] https://www.bovada.com/more/about-us

2.  Defendants offer hundreds of gambling options on www.bovada.com and www.bovada.lv, including sports betting, slots, poker, table, and numerous other games.

3.  However, by operating their online casinos, Defendants have violated Kentucky law, which governs Plaintiff's and the Class's claims, and Defendants have illegally profited from tens of thousands of consumers.  Accordingly, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this lawsuit to recover their losses, as well as costs and attorneys' fees.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the Class is a citizen of a State different from the Defendants.

5.  This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within this District and a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and because Defendants transact business and/or have agents within this District.

## PARTIES

7.  Plaintiff Billi Jo Woods is a natural person and a citizen of the Commonwealth of Kentucky, residing in Lawrenceburg, Anderson County, Kentucky.  Plaintiff Woods has gambled and lost thousands of dollars gambling on Bovada's websites.  Plaintiff Woods began gambling on the Bovada websites in 2023 and continued to gamble on www.bovada.lv and

www.bovada.com at least until July 2023.

8. Defendant Morris Mohawk Gaming Group is a private company organized and existing under the laws of Canada, with a place of business in the Kahnawake Mohawk Territory, at the Kahnawake Office Complex, Kahnawake, Quebec, J0L 1B0, Canada, and can be served through its agent, Alwyn Morris at the Kahnawake Office Complex, 1470-138 Rte, Kahnawake, Québec J0L 1B0 Canada. Upon information and belief, Morris Mohawk Gaming Group distributes, makes, uses, makes available, promotes, sells, offers to sell, and generates substantial revenues from products and services throughout the United States, including but not limited to the Internet domains registered and existing at www.bovada.lv and www.bovada.com.

9. Defendant Alwyn Morris is a citizen and resident of Quebec, Canada. On information and belief, Mr. Morris is the founder, CEO, and owner of Morris Mohawk Gaming Group.

10. Defendant Calvin Ayre is a citizen of Canada and Antigua and Barbuda, and a resident of Antigua. Mr. Ayre is the owner and chief operator of the Bodog, a company of unknown organization type that is based in Antigua and Barbados. Bodog lists Bovada as one of the sites that operate within the "Bodog Network." Bodog's websites redirect users in Kentucky to "try visiting our partners at bovada.lv."

11. Defendant Harp Media BV is a company based in Curaçao incorporated under the company number 144943. Defendant Harp Media BV has an ownership interest in the Bovada websites. On information and belief, Defendant Harp Media BV collects a portion of the gambling profits from bets that are made on www.bovada.lv and www.bovada.com.

12. Each of the Defendants acted jointly to perpetrate the acts described herein. At all times relevant to the allegations in this matter, each of these Defendants acted in concert with,

with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

## FACTUAL ALLEGATIONS

13. Defendants own and operate www.bovada.com and www.bovada.lv, where visitors can gamble real money online. The process for getting set up on Bovada.com is incredibly simple. First, a user simply inputs their information on the "Create an Account" page.



14. Once a user creates their account, they go through a quick account verification process.

15. Once a user verifies their account, they can immediately deposit money. Deposits can be made with cryptocurrency, Bitcoin Cash, or by credit card. Regardless of deposit method, deposits are instantly available for gambling.





16. Users can then gamble their deposited money on one of Defendants' hundreds of games.

5





17. Players are able to cash out their winnings, if any, through Defendants' payment platform.

6

18. Notably, all outcomes in Defendants' games are based entirely on chance.

19. Defendants maintain win and loss records and account balances for each consumer. Indeed, once Defendants' algorithms determine the outcome of a game and Defendants display the outcome to the consumer, Defendants adjust the consumer's account balance. Defendants keep records of each wager, outcome, win, and loss for every player of the games.

20. Bovada has evaded the laws of Kentucky and other states. Bovada has advertised and presented itself to consumers in Kentucky as a legitimate online business. But this is false. In fact, Bovada is an illegal enterprise. Bovada's online presence and advertising provided an aura of legitimacy and legality to Plaintiff and class members.

21. In fact, on June 29, 2022, more than two dozen members of Congress sent a formal letter to the U.S. Department of Justice, urging the Attorney General to make a "concerted effort to fight" Defendant's illegal offshore betting operations. *See* Exhibit 1. The Letter specifically noted that Bovada constitutes "half of all sportsbook brand searches." *Id.*

22. In fact, the American Gaming Organization ("the AGA") has noted the "brazen and coordinated matter" in which Bovada operates. The AGA has specifically demanded that the operators of Bovada be investigated and indicted for operating a criminal enterprise.

## CLASS ALLEGATIONS

23. Plaintiff seeks to represent a class defined as all individuals who, in the Commonwealth of Kentucky, gambled and lost $5.00 or more within a 24-hour period on Bovada.com during the applicable limitations period. (the "Class").

24. Specifically excluded from the Class are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees,

principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or Defendants' officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

25. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

26. **Numerosity**.  On information and belief, tens of thousands of consumers fall into the definition of the Class.  Members of the Class can be identified through Defendants' records, discovery, and other third-party sources.

27. **Commonality and Predominance**.  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a) Whether Plaintiff's and Class members' play on Defendants' casino games constitutes gambling under Kentucky law;

(b) Whether Plaintiff and the Class lost money gambling to Defendants as defined by KRS § 372.010 *et. seq.*; and

(c) Whether Plaintiff and the Class are entitled to recover their monies spent on Defendants' casino games pursuant to KRS § 372.020 and/or KRS § 372.040.

28. **Typicality**.  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein.  Further, there are

8

no defenses available to Defendants that are unique to Plaintiff.

29. **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

30. **Superiority**.   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants.  It would thus be virtually impossible for the Class to obtain effective redress for the wrongs committed against the members on an individual basis.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## CAUSES OF ACTION

### COUNT I
**Violation of KRS § 372.010, *et. seq.***
**(On Behalf Of The Class)**

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The Commonwealth of Kentucky's "Recovery of money lost at gambling" statute,

9

KRS § 372.020, provides a losing gambler with a first-party cause of action to recover any losses suffered. It reads:

> If any person loses to another at one (1) time, or within twenty-four (24) hours, five dollars ($5) or more, or anything of that value, and pays, transfers or delivers it, the loser or any of his creditors may recover it, or its value, from the winner, or any transferee of the winner, having notice of the consideration, by action brought within five (5) years after the payment, transfer or delivery. Recovery may be had against the winner, although the payment, transfer or delivery was made to the endorsee, assignee, or transferee of the winner. If the conveyance or transfer was of real estate, or the right thereto, in violation of KRS 372.010, the heirs of the loser may recover it back by action brought within two (2) years after his death, unless it has passed to a purchaser in good faith for valuable consideration without notice.

KRS § 372.020.

33. Defendants' casino games constitute gambling because the players provide consideration (e.g., money) and by an element of chance (e.g., by spinning a virtual slot machine, playing a turn in a poker game, etc.) create a right to some things of value (e.g., money).

34. As such, Plaintiff and the Class gambled when they deposited money on bovada.com, bovada.lv, and Bodog.com and played Defendants' games.

35. As a direct and proximate result of Defendants' operation of its games, Plaintiff and each member of the Class have lost money wagering on Defendants' games of chance. Plaintiff, on behalf of herself and the Class, seeks an order (1) requiring Defendants to cease operation of its gambling devices; and/or (2) awarding the recovery of all lost monies, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable.

36. Plaintiff additionally seeks treble damages pursuant to KRS § 372.040.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

- (a) For an order certifying this action as a class action, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;
- (b) For compensatory damages on all applicable claims and in an amount to be proven at trial;
- (c) For restitution on all applicable claims and in an amount to be proven at trial;
- (d) For an order requiring Defendants to disgorge, restore, and return all monies wrongfully obtained together with interest calculated at the maximum legal rate;
- (e) For treble damages pursuant to KRS § 372.040;
- (f) For an order enjoining the wrongful conduct alleged herein;
- (g) For other appropriate injunctive and other equitable relief;
- (h) For costs;
- (i) For pre-judgment and post-judgment interest as provided by law;
- (j) For attorneys' fees under the account contracts, the common fund doctrine, and all other applicable rules and law; and
- (k) For such other relief as the court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  August 8, 2023

Respectfully submitted,

/s/ *Philip G. Fairbanks*
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone:  859-225-3731
Facsimile:  859-225-3830
pgf@austinmehr.com
bkh@austinmehr.com

and

**BURSOR & FISHER, P.A.**
Philip L. Fraietta*
Alec M. Leslie*
Matthew A. Girardi*
Julian C. Diamond*
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  pfraietta@bursor.com
         aleslie@bursor.com

*Attorneys for Plaintiff and the Putative Class*

* *Pro hac vice* application forthcoming